Filed 2/27/24  Bazzo v. Brazil CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| FRANK MONACO BAZZO,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>S. BRAZIL,<br><br>Defendant and Respondent. | F085521<br><br>(Super. Ct. No. 21C-0321)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Melissa R. D'Morias, Judge.

Frank Monaco Bazzo, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Marisa Y. Kirschenbauer, Senior Assistant Attorney General, Neah Huynh and Sarah M. Brattin, Deputy Attorneys General, for Defendant and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P. J., Franson, J. and Snauffer, J.

Plaintiff Frank Monaco Bazzo, in pro. per., appeals from a judgment entered in favor of defendant S. Brazil after the trial court granted Brazil's motion for summary judgment.

Because appellate courts presume the order of the trial court is correct, the burden is on the appealing party to demonstrate error, which necessarily includes providing an adequate record for this court to conduct a meaningful review of the trial court's actions. Here, the record on appeal does not contain the pleadings, the papers filed in connection with the summary judgment motion, or the reporter's transcript from the summary judgment hearing. Without these documents, we are limited in our ability to review the trial court's summary judgment order. Accordingly, we will affirm the judgment.

## BACKGROUND

We glean the following vague facts from the trial court's order granting summary judgment: Bazzo is a prisoner, and Brazil is an officer at the prison where Bazzo is housed. One day, Brazil "release[d]" inmates from two "sections" so that those inmates could get their medications dispensed to them. Bazzo was assaulted by other inmates, and Brazil "immediately responded to the altercation[.]" Bazzo sued for negligence and alleged Brazil conspired with the inmates to allow him to be attacked. It also appears Bazzo alleged that some of his personal property was lost or damaged, which he blames on Brazil. It is unclear from the order what else happened or what specific causes of action besides negligence Bazzo sued for. In any event, Brazil moved for summary judgment, and the court granted the motion and entered a judgment for him.

Because Bazzo filed his notice of appeal before the trial court entered judgment on its order granting summary judgment, the notice of appeal was premature. Nonetheless, we have jurisdiction to consider this appeal. This is because we "may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment." (Cal. Rules of Court, rule 8.104(d)(2).) We elect to do so here.

2.

## DISCUSSION

Bazzo argues the judgment should be reversed because Brazil did not present evidence showing he is entitled to judgment as a matter of law. Bazzo also contends the trial court misapplied the law and treated him unfairly.

On appeal, a judgment of the superior court is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Accordingly, in order to prevail on appeal, the party challenging the judgment must present sufficient argument, legal authority, and a sufficient record to demonstrate prejudicial error. (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368; *Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.) Thus, " 'if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; accord *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [issue resolved against appellant due to inadequate record where the record on appeal lacked copies of motion to strike and opposition].)[1]

Here, the record on appeal does not contain the pleadings, the papers filed in connection with the summary judgment motion, or the reporter's transcript from the summary judgment hearing. Without these documents, we cannot review the summary judgment order and must presume that the trial court's order is correct.

## DISPOSITON

The judgment is affirmed. The parties shall bear their own costs.

---

[1] The Court notified Bazzo several times in writing of the serious deficiencies in the record submitted to the Court.